Mr. Wigman, good morning. Let me say at the outset, Justice Litton is the third person on the panel. He's ill and is not able to be here today. He will be listening to the tapes of the argument and will be participating in the conference as well. And we certainly hope that the Justice is feeling better soon. Thank you very much. We'll pass that on. May it please the court, counsel, I am Jay Wigman, an assistant appellate defender with the Office of the State Appellate Defender, and I represent the defendant appellant Ishmael Spraggins, who asserted in his brief that under the rule as enunciated by the Illinois Supreme Court in People v. Loghorn, a trial court is not empowered to sui sponte dismiss a 2-1401 petition less than 30 days after the filing of that petition. The state has effectively conceded this point by not addressing that issue directly, but has instead contended that the defendant's petition should be dismissed or the dismissal should be affirmed because it was not properly served upon the state. Now, this is not a case where there was no service whatsoever, but instead the state questions the service because there is no mention within the notice of service and notice of filing. The state has 30 days within which to respond. The defendant's contention is twofold. The first is that this is a technical defect that does not invalidate the service. But secondly, that even if it is found to be a defect and if service is considered not proper for that reason, dismissal is not proper under either of the two lines of cases that have addressed this topic. And this has been a topic that has been under serious discussion for, I would say, the last two years, most notably in the second district, but also in the fourth district. And in the second district, we have the primary case of People v. Nitz, which has taken the hardest line, I would say, in terms of how to treat an instance where there is no service upon the state. And what the court in Nitz did was affirm the dismissal by the trial court, but order that the order be modified to indicate that it was without prejudice to allow the defendant to refile and properly serve the documents. In other cases, most notably Miller in the fourth district, Powell also in the fourth district, and Prado, a different panel of the second district, courts have found that what should occur is a remand for the opportunity for a defendant to correct service. And that if ultimately that is what is found, that is what we would be asking the court to do. Our first argument is that the service was not improper, simply for failure to mention the 30-day requirement or the 30-day allowance of time for the state to file a response. This is a technical violation that is more important and the rules seem to be more targeted toward a civil remedy, keeping in mind that a 2-1401 petition is in fact a civil remedy. The rules as were instituted reflect the fact that in most cases, following the entry of the final order, it is simply the parties that are involved and not necessarily counsel. Now there are instances where counsel stays on a case, but in part because of the fact that it is a defendant or a plaintiff in his own person who is being served with documents, there is a requirement that he be notified of the effect that this document could have on him. That's not the case in the Enston case and it's typically not the case in criminal cases where we're dealing with the state's attorney's office. And certainly the state's attorney's office doesn't need a tutorial from a pro se defendant as to the proper procedure to be followed or more importantly the impact that a failure to act within 30 days might have. Section, or I'm sorry, Supreme Court Rule 12b-3, which governs the service of these petitions, has constantly been read by courts to accommodate prisoners, for instance, with a certification by mail. When a prisoner says that he personally mailed something, that can never actually be true because of the process within prisons for mailing things. Instead it's the prison authorities that mail the documents and actually see the documents get to the post office or within the mail system. And courts have tended to overlook that because they're trying to accommodate the limitations imposed upon prisoners. We would ask that this be one of those limitations that the court considers as well. I would also note, even though it wasn't mentioned by the state in its brief in all candor, it has to be noted that there was no indication that this petition was served by certified mail with a return receipt. So there's no form of proof as there would be with personal service or when certified mail is involved. So the question then becomes, is regular mail then a violation that this court could consider? And it certainly could. Again, though, the question does not seem to be here whether there was mail and there hasn't been a challenge as to whether it was served by regular mail upon the state. But that certainly could be one reason that the court couldn't consider. If, however, for either of those reasons the court finds that this is a defect that impairs the pleading, then what has to be looked at is the remedy. And I think that that's the true question here. And again, as I stated, there are two lines as to what the proper remedy should be. The first was enunciated by the second district in People v. Nitz. And it said that any sort of technical pleading, and in Nitz the matter was that the defendant failed to serve the petition in any fashion upon the state. And the court found that it wasn't appropriate to dismiss it without prejudice, but was appropriate to dismiss it without prejudice to allow the defendant to revile. And we would suggest that that is not the most appropriate remedy, but instead this court should follow the second district case in Prado, which came after Nitz and distinguished itself in terms of its finding. Also Miller and Powell in the fourth district. And in each of those cases the matter was remanded for service. And part of the basis for that was the reflection that a defendant or any party is allowed a reasonable amount of time to effectuate service. And typically 30 days is a fairly standard figure to allow the state to respond. But even a period of several months following the filing of a petition has been found in ordinary cases to be suitable to effectuate service. In this case the petition was dismissed two days after it was filed. And certainly if there were a problem with service or if there were questions about whether the defendant were being diligent in service, two days is not a sufficient period of time to take that matter into consideration. So largely for that reason we believe that the better reasoned course of action is, should again a defect be found to have impaired service, that the matter be remanded for the defendant to have an opportunity to effectuate service. This would also give the state an opportunity to object to the lack of service or not, and would allow the defendant to correct any defects that might be found. But again, even if that remedy is rejected by this court, then this would suggest that the other course of action that's appropriate is a dismissal without prejudice to reinstate. If there are no questions by the court. Does the Department of Corrections ever send certified mail with return receipt? I do not know. I do know that, on behalf of prisoners, I don't know. I do know, as was indicated in one of the cases that discusses this, that there is an allowance for a defendant to mail things even if he doesn't have sufficient funds in his account. And that was part of the reason that that lack of a defendant being able to say that he had mailed something was overlooked. But as to whether certified mail or return receipts can be provided, I don't know. Thank you. Thank you. Any questions? All right, thank you. Mr. Nicolosi, good morning. Good morning, Your Honors. May it please the court, may it please the counsel. As counsel discussed, there are two issues here, I guess. Number one, is the notice and service deficient?  Regarding whether or not this pleading was deficient, the people submit that this was not deficient because the defendant clearly here failed to comply with Supreme Court Rule 105A, which requires that notice shall state that the judgment may be entered against the responding party unless he answers within 30 days. The case of people v. Nitts, which counsel discussed, the people discussed in their brief, I think is instructive here. Even though it's factually slightly different, most of these cases are a little different than this one, but these are distinctions without a factual difference that the people would submit. In Nitts, the defendant gave the state no notice of his 214.01 petition, whereas here, of course, he gave not notice, which the people would submit as a term of art in this case. He gave the people, the state, a filing, but that doesn't qualify as notice under 105A. But in Nitts, there was no notice. I think Miller and Llewellyn, most of these cases, there was no notice whatsoever. The court in Nitts said that this petition with no notice is deficient, and the trial judge was proper in dismissing it within 30 days, despite there being no answer. The court said in Nitts, quote, the trial court did not have before a proper pleading upon which to grant section 214.01 relief, end quote. People submit that cases with no notice, like Nitts, and cases with less than perfect notice, like this case, should be handled the same. The petition is deficient. It doesn't comply with the rules. It can be properly dismissed within 30 days. The defendant argues in his reply brief that rule 106, which refers to 105 for notice and service purposes, that 106 only refers to 105 as it relates to the methods of giving notice. The defendant, in his reply brief at page 6, says, quote, subsection A is not applicable to cases in which a criminal defendant adopts the civil remedy of a 214.01 petition, end quote. People submit there isn't any support for that quote in the law. That case, Laugarn, I guess is how we're pronouncing it. That's better than I was going to come up with. Laugarn quotes word for word the 30-day requirement as it is stated in rule 105A. And so does Nitts. These cases discuss 105A in the context of a 214.01 analysis. Therefore, the people submit it's clear that 105A, the 30-day notice requirement, does apply to 214.01 petitions. Because rule 105A applies, the 30-day rule applies as well. And the people would submit that this is a deficient petition for failing to comply with that rule. As for the remedy, the people, I guess we're going to leave it up to the court because looking at the defendant's petition, this is wildly untimely. He's trying to get relief from a judgment 19 years ago, and the people have looked through the petition itself and the supporting documents. And he does not make the proper showing with which to save an untimely petition. And therefore, if this is remanded for further proceedings, which Nitts says should not be done because technically there are no proceedings to proceed with if it gets sent down because service wasn't proper, the people would submit that that is an appropriate way to analyze this particular issue. The alternate remedy with some slightly more recent cases, Miller and Powell and Llewellyn, is to... ...dismiss without prejudice. Either one, if it's dismissed without prejudice, of course, the defendant has relief to refile. The people submit that if that is the route this court adopts, then he's going to run into the same problems. Either way, with this timeliness issue, whether the judge waits the proper 30 days and then dismisses it out of sua sponte based on timeliness, or if it's remanded for further proceedings, defendant properly serves, then the people file their answer requesting that it's dismissed. Do you think the people wait service and just respond? Certainly they could. They didn't really have a chance to here, Your Honor. I believe it was only two days after the filing. But certainly they could, yes. So I guess, Your Honor, that's kind of part and parcel to my argument that the remedy here is... ...the merits of this case, I believe, kind of dictate that this is going to be dismissed based on timeliness at some point by some party in the future. That's all I have. If there are any other questions, I'd be happy to entertain them. Thank you. Mr. Wegman, any rebuttal? Thank you. I think just briefly I would point out that the question of whether this would be dismissed for timeliness somewhat begs the question of the purpose of log harm, which was to say that the state should be given the opportunity where justice requires it to be able to waive the timeliness concerns. Certainly they should be able to waive objections as to service here as well. And that privilege is being denied the state by any trial court which dismisses a petition less than 30 days following the filing. It doesn't sound like they're worried about that, does it? No, it doesn't sound like it. But again, it may be that they wish to waive any objections to timeliness. If there is some factor there that requires that. It may also be that the defendant has the opportunity to discuss some of the exceptions to the two-year period. But the fact of the matter is... Does that have to be pled though in the 214.1 petition? The reason it wasn't filed? It does, but I would say that there was also some indication, and again, this really isn't the time, and it shouldn't have been, this isn't the time to debate the merits of the case. But that notwithstanding, there is indication within the petition that the judgment was void. And certainly voidness is something that would get around the two-year period. So there is a defense there that's present. But the fact of the matter is that it wouldn't be proper for the court for any of these reasons to dismiss it less than 30 days following the filing of the petition. Because it impacts both the state's rights and the defendant's rights. And therefore, rather than consider this something that should be dismissed, it should be in some fashion reinstated so that the defendant has an opportunity to properly present it. Or so that the state has an opportunity to properly object, whether on the basis of timeliness or on the basis of service deficiencies. Thank you. Thank you. We thank both of you for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will now stand in brief recess for a panel of 10. Court is now in recess.